IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OLGA HERNÁNDEZ PADILLA,

**Plaintiff,**

v.

MUNICIPALITY OF NARANJITO, *et al.*,

**Defendants.**

CIVIL NO. 25-1387 (JAG)

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Olga Hernández Padilla ("Plaintiff") filed a Complaint against the Municipality of Naranjito ("Defendant").[1] Docket Nos. 2; 5; 36. She asserts causes of actions under the Americans with Disabilities Act ("ADA"), 41 U.S.C. § 12182; and 42 U.S.C. § 1983 ("Section 1983") alleging violations of her constitutional rights under the First, Fourth, and Fourteenth Amendments.[2]

---

[1] Plaintiff also asserts claims against Ángel Rodríguez-Medina, in his individual and official capacity; Orlando Ortíz-Cheverez in his official capacity; and S. Hernández in her official capacity. Docket Nos. 2 at 1; 5 at 1.

[2] Plaintiff filed two amended complaints, but these merely supplement the original complaint; they do not supersede the original complaint. Docket Nos. 5; 36. As such, the Court refers to the original complaint and the two amendments collectively as "Complaint." The Court notes that Plaintiff did not seek leave to amend her pleadings. The Court also notes that her last amended complaint, filed 8 months after the initial complaint, asserts a new claim under P.R. LAWS ANN. tit. 21, § 7462, alleging that Defendant Ángel Rodríguez-Medina lacks one or more of the statutorily required qualifications. Docket No. 36 at 2. However, "an implementing regulation, on its own, cannot create a private right of action." *Iverson v. City of Bos.*, 452 F.3d 94, 100 (1st Cir. 2006). Specifically,

> An implementing regulation may under certain circumstances be enforced through the private right of action available under the organic statute that it implements . . . [H]owever, a private plaintiff may not, merely by referencing the organic statute, enforce regulations that interdict a broader swath of conduct than the statute itself prohibits. After all, the power to create a private right of action, like the power to create positive federal law itself, lies exclusively with Congress. Accordingly, a private right of action may

CIVIL NO. 25-1387 (JAG)                                                                    2

Docket Nos. 2; 5; 36. Pending before the Court is Defendant's Motion to Dismiss. Docket No. 15.

For the following reasons, the Motion to Dismiss is hereby **GRANTED**.

## STANDARD OF REVIEW

A defendant may move to dismiss an action for failure to state a claim upon which relief

can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a

complaint must allege sufficient facts to "state a claim to relief that is plausible on its face" and

"raise [a plaintiff's] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555, 570 (2007). When considering a motion to dismiss, the Court must accept as true all

well-pleaded factual allegations in a complaint and draw all reasonable inferences in the plaintiff's

favor. *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012). Thus, the plaintiff bears the burden

of stating factual allegations regarding each element necessary to sustain recovery under some

actionable theory. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). However, even when

taking plaintiff's well-pleaded allegations as true, courts need not address complaints supported

only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like."

*Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996); *see also Butler v. Deutsche Bank Tr. Co. Ams.*, 748 F.3d 28,

32 (1st Cir. 2014). Similarly, unadorned factual statements regarding the elements of the cause of

---

be conceived only by a statute that clearly evinces congressional intent to bestow such a right."

*Id.* (cleaned up). In the instant case, the Court has "found no evidence anywhere in the text to suggest that [the Puerto Rico legislature] intended to create a private right to enforce" P.R. LAWS ANN. tit. 21, § 7462. *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001). And more importantly, Section 1983 is a vehicle to vindicate federal rights, not rights granted by a state constitution or state law. *See* 18 U.S.C. § 1983; *Gardner v. Vespia*, 252 F.3d 500, 503 (1st Cir. 2001) (explaining that plaintiff had no federal right to demand that defendant adhere to state law). Thus, the claim under P.R. LAWS ANN. tit. 21, § 7462 must be **DISMISSED WITH PREUDICE**.

CIVIL NO. 25-1387 (JAG)                                                                    3

action are insufficient as well. *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) ("Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not.").

## ANALYSIS

Defendant argues that Plaintiff has failed to sufficiently plead her claims in accordance with Fed. R. Civ. P. 8(a). Docket No. 15 at 6-7. The Court agrees.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not include "detailed factual allegations," but Federal Rule of Civil Procedure 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted). Given Plaintiff's *pro se* status, however, the Court must construe the Complaint liberally. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) ("We are required to construe liberally a *pro se* complaint and may affirm its dismissal only if a plaintiff cannot prove any set of facts entitling him or her to relief.") (citations omitted). Nevertheless, "*pro se* status does not insulate a party from complying with procedural and substantive law." *Id.* (citation omitted). Courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996); *see also Butler v. Deutsche Bank Tr. Co. Ams.*, 748 F.3d 28, 32 (1st Cir. 2014). Likewise, unadorned factual statements as to the elements of the cause of action are insufficient. *Peñalbert-Rosa*, 631 F.3d at 595. "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596.

CIVIL NO. 25-1387 (JAG)                                                                                          4

### I.    Municipal Liability

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). In a Section 1983 action, "a plaintiff must show both that the conduct complained of transpired under color of state law and that a deprivation of federally secured rights ensued." *Harron v. Town of Franklin*, 660 F.3d 531, 535 (1st Cir. 2011) (citation omitted). A defendant has acted under color of state law if he or she has abused the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49-50 (1988) (citation omitted). Further, to establish the deprivation of a federal right, "plaintiffs must show that the defendants' conduct was the cause in fact of the alleged deprivation." *Rodríguez -Cirilo v. García*, 115 F.3d 50, 52 (1st Cir. 1997) (citation omitted).

Municipalities can be held liable for violations of federal rights through Section 1983, but the liability is not based on *respondeat superior*. *Monell v. Dep't of Soc. Servs. of the City of* N.Y., 436 U.S. 658, 691 (1978). Rather, municipal liability in a Section 1983 action can only be imposed when "governmental employees' execution of a government's policy or custom . . . inflicts the injury and is the moving force behind the constitutional violation." *Wadsworth v. Nguyen*, 129 F.4th 38, 66 (1st Cir. 2025) (cleaned up); *see Haley v. City of Bos.*, 657 F.3d 39, 51 (1st Cir. 2011) ("[A] plaintiff who brings a section 1983 action against a municipality bears the burden of showing that, through its *deliberate* conduct, the municipality was the moving force behind the injury alleged.") (cleaned up). Therefore, municipal liability attaches only where a governmental entity took "an action pursuant to official municipal policy [that] caused [the plaintiff's] injury, and municipal decisionmakers either know or should have known that training was inadequate but nonetheless exhibited

CIVIL NO. 25-1387 (JAG)                                                           5

deliberate indifference to the unconstitutional effects of those inadequacies." *Wadsworth*, 129 F.4th at 66 (cleaned up). "The deliberate indifference standard is stringent" and typically requires "a pattern of similar constitutional violations by untrained employees." *Cosenza v. City of Worcester, MA*, 120 F.4th 30, 38 (1st Cir. 2024) (cleaned up).

Here, Plaintiff asserts that Defendant's conduct violated her (1) due process and equal protection rights under the Fourteenth Amendment, (2) First Amendment, and (3) Fourth Amendment rights. Docket Nos. 2; 5; 36. She, however, only provides conclusory statements devoid of factual support.

First, the Court assumes that Plaintiff alleges a substantive due process violation under the Fourteenth Amendment.[3] To state a substantive due process claim, a plaintiff must first sufficiently allege that the specific government conduct is "so extreme and egregious as to shock the contemporary conscience;" and (2) "restrict[ed] a protected fundamental right." *Abdisamad v. City of Lewiston*, 960 F.3d 56, 59-60 (1st Cir. 2020); *Foote v. Lulow Sch. Comm.*, 128 F.4th 336, 346 (1st Cir. 2025). Only if the shock-the-conscious test is satisfied do courts consider whether the conduct restricted a protected fundamental right. *Foote*, 128 F.4th at 346. Here, Plaintiff has only provided conclusory statements alleging that Defendant violated her rights.[4] Without factual

---

[3] The Fourteenth Amendment provides both procedural and substantive due process rights. *García-González v. Puig-Morales*, 761 F.3d 81, 88 (1st Cir. 2014); *Cruz-Erazo v. Rivera-Montañez*, 212 F.3d 617, 621-22 (1st Cir. 2000). As Plaintiff has not identified a protected liberty or property interest, Plaintiff has not sufficiently pled a procedural due process claim. The Court similarly finds that Plaintiff's equal protection claims falters because she has failed to identify a protected fundamental right.

[4] Plaintiff's Complaint essentially consists of conclusory allegations devoid of facts. For example, she alleges that "Defendant engaged in conduct that violated Plaintiff's constitutional rights under the Fourteenth Amendment and [the] Municipal Code of Puerto Rico." Docket No. 2 at 1. This is a legal conclusion, insufficient to survive dismissal at this stage. Plaintiff also alleges in a conclusionary fashion that on August 31, 2024, Defendant expressed "that the Plaintiff will not be listened [to] or provided with any public service in the facilities of the Municipal Police of Naranjito, PR[,] since the Defendant and Plaintiff had a [lawsuit] problem currently being reviewed by the Court in Puerto Rico." *Id.* at 2. Plaintiff

CIVIL NO. 25-1387 (JAG)                                                                6

support for her allegations, the Court cannot find that the alleged conduct as pled satisfies the conscience-shocking test. *See González-Fuentes v. Molina*, 607 F.3d 864, 881 (1st Cir. 2010) ("It is well established that negligence, without more, is simply insufficient to meet the conscience-shocking standard.") (cleaned up). Moreover, Plaintiff has failed to identify a protected fundamental right that was restricted by Defendant's conduct.

Second, the First Amendment protects an individual's freedom of religion, freedom of speech, freedom of the press, right to peaceably assemble, and right to petition the government for a redress of grievances. U.S. CONST. Amend. I. Here, Plaintiff asserts that "[o]n or about November 2023," she experienced "discrimination due to difference of religious belief[s]." Docket No. 5 at 3. She provides no factual support for this statement. She also alleged in a conclusory fashion that Defendant retaliated against her by committing public defamation, excluding her from a public forum, and threatening to take legal action. Docket No. 2 at 1-2. Plaintiff's Complaint, however, puts forth no facts to suggest that any of her First Amendment rights were violated. Thus, Plaintiff has failed to state a First Amendment claim and, accordingly, these claims are **DISMISSED WITH PREJUDICE**.

Third, the Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. Amend. IV; *see Elkins v. United States*, 364 U.S. 206, 222 (1960) ("[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures."). "In sum, the Fourth Amendment addresses 'misuse of power,' not the accidental effects of otherwise lawful

---

also claims that Defendant "demand[ed] [she] leave the public facilities of the Municipal Police Headquarters in Naranjito, PR[,] due to retaliation for a previous lawsuit pending in the Courts of Puerto Rico." *Id.* However, she has provided no factual support for these allegations. She does not explain who made this statement, what were the circumstances surrounding this event, whether she was actually denied a public service, what public service she is referring to, or her basis for claiming retaliatory animus.

CIVIL NO. 25-1387 (JAG)                                                    7

government conduct." *Brower v. Cnty of Inyo*, 489 U.S. 593, 596 (1989) (citations omitted). Here, Plaintiff merely alleges that "[t]he Municipality's failure to train, supervise, and discipline its officers constituted deliberate indifference . . . and directly caused the violation of Plaintiff's constitutional rights under the Fourth and Fourth Amendment." Docket No. 5 at 2. Plaintiff, however, does not put forth any facts suggesting that a search or seizure even occurred, much less that it was unreasonable. Consequently, Plaintiff has failed to state a Fourth Amendment claim. Thus, Plaintiff's Fourth Amendment claim is **DISMISSED WITH PREJUDICE**.

Fourth, even assuming *arguendo* that Plaintiff sufficiently pleaded a constitutional injury, she nonetheless failed to sufficiently allege that Defendant acted pursuant to a municipal policy, custom, or practice with deliberate indifference. Plaintiff has not alleged a custom or pattern of similar conduct. She also admits that she has not identified an official policy. Docket No. 19 at 9. Instead, the only factual allegations are that Defendant (1) demanded that Plaintiff leave the public facilities of the Municipal Police headquarters in Naranjito, Puerto Rico, as retaliation for a previous lawsuit pending in state court; and (2) stated that Plaintiff will not be listened to or provided with any public services in the Municipal Police headquarters because Plaintiff has a pending lawsuit before the Court. *See* Docket No. 2 at 1-2. Without more, these conclusory statements do not sufficiently plead the existence of a municipal policy, custom, or practice, nor do they sufficiently allege that Defendant took such actions with deliberate indifference. Accordingly, because Plaintiff has not properly alleged the existence of municipal liability, the claims against the Municipality of Naranjito must be **DISMISSED WITH PREJUDICE**.

CIVIL NO. 25-1387 (JAG)                                                                 8

## II.     The Americans with Disabilities Act

Plaintiff also asserts that Defendant's conduct violated the ADA by denying her access to public services. Docket No. 2 at 2. However, the allegations are insufficient to survive dismissal.

As a threshold matter, to successfully establish a claim under the ADA, a plaintiff must show *inter alia* that "(1) she was disabled within the meaning of the ADA." *Colón-Fontánez v. Mun. of San Juan*, 660 F.3d 17, 32 (1st Cir. 2011). The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Here, the only allegation as to this claim states: "Defendant engaged in conduct that violated Plaintiff's ADA law protection for people with disabilities under 42 U.S.C. 12182 by denying her public service." Docket No. 2 at 2. Plaintiff fails to allege any impairment,[5] or that such impairment substantially limited one or more of her major life activities. Thus, Plaintiff has failed to sufficiently establish a plausible entitlement to relief under the ADA and, thus, these claims must be **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the aforementioned reasons, the Court finds that Plaintiff's Section 1983 and ADA claims are insufficiently plead and, thus, these claims are hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

---

[5] In her Response to Defendant's Motion to Dismiss, Plaintiff alleges for the first time that she is handicapped and that Defendant forced her to walk on her injured feet after being excluded from the public facilities. Docket No. 32 at 2. Plaintiff also alleges that "[c]ontinous exposure to high-intensity noise . . . worsen the medical conditions of depression and anxiety suffered by the plaintiff . . . ." *Id.* at 31. However, "it is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Díaz-Zayas v. Mun. of Guaynabo*, 600 F. Supp. 3d 184, 195, (D.P.R. 2022) (cleaned up). In any case, Plaintiff has never alleged that she had a disability that substantially limited major life activities.

**CIVIL NO.** 25-1387 (JAG)                                                                 9

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Wednesday, May 20, 2026.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge