IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

OLGA HERNÁNDEZ PADILLA,

   **Plaintiff,**

       v.                                    CIVIL NO. 25-1387 (JAG)

MUNICIPALITY OF NARANJITO, *et al.*,

   **Defendants.**

OPINION AND ORDER

GARCIA-GREGORY, D.J.

     Olga Hernández Padilla ("Plaintiff") filed a Complaint[1] asserting causes of actions against

Ángel M. Rodríguez-Medina ("Defendant") in his individual capacity for allegedly violating the

---

[1] Plaintiff filed two amended complaints, but these merely supplement the original complaint; they do not supersede the original complaint. Docket Nos. 5; 36. As such, the Court refers to the original complaint and the two amendments collectively as "Complaint." The Court notes that Plaintiff did not seek leave to amend her pleadings. The Court also notes that her last amended complaint, filed 8 months after the initial complaint, asserts a new claim under P.R. LAWS ANN. tit. 21, § 7462, alleging that Defendant Ángel Rodríguez-Medina lacks one or more of the statutorily required qualifications. Docket No. 36 at 2. However, "an implementing regulation, on its own, cannot create a private right of action." *Iverson v. City of Bos.*, 452 F.3d 94, 100 (1st Cir. 2006). Specifically,

> An implementing regulation may under certain circumstances be enforced through the private right of action available under the organic statute that it implements . . . [H]owever, a private plaintiff may not, merely by referencing the organic statute, enforce regulations that interdict a broader swath of conduct than the statute itself prohibits. After all, the power to create a private right of action, like the power to create positive federal law itself, lies exclusively with Congress. Accordingly, a private right of action may be conceived only by a statute that clearly evinces congressional intent to bestow such a right.

*Id.* (cleaned up). In the instant case, the Court has "found no evidence anywhere in the text to suggest that [the Puerto Rico legislature] intended to create a private right to enforce" P.R. LAWS ANN. tit. 21, § 7462. *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001). And more importantly, Section 1983 is a vehicle to vindicate federal rights, not rights granted by a state constitution or state law. *See* 18 U.S.C. § 1983; *Gardner v. Vespia*, 252 F.3d 500, 503 (1st Cir. 2001) (explaining that plaintiff had no federal right to demand that defendant

CIVIL NO. 25-1387 (JAG)                                                                  2

Americans with Disabilities Act ("ADA"), 41 U.S.C. § 12182, and her constitutional rights under

the Fourteenth Amendment and First Amendment through 18 U.S.C. § 1983 ("Section 1983").[2]

Docket Nos. 2; 5. Pending before the Court is Defendant's Motion to Dismiss. Docket No. 22. For

the following reasons, the Motion to Dismiss is hereby **GRANTED**.

## STANDARD OF REVIEW

A defendant may move to dismiss an action for failure to state a claim upon which relief

can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a

complaint must allege sufficient facts to "state a claim to relief that is plausible on its face" and

"raise [a plaintiff's] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555, 570 (2007). When considering a motion to dismiss, the Court must accept as true all

well-pleaded factual allegations in the complaint and draw all reasonable inferences in the

plaintiff's favor. *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012). Thus, the plaintiff bears

the burden of putting forth sufficient factual allegations regarding each element necessary to

sustain recovery under some actionable theory. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.

1988). However, courts need not address complaints supported only by "bald assertions,

unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d

1, 3 (1st Cir. 1996); *see also Butler v. Deutsche Bank Tr. Co. Ams.*, 748 F.3d 28, 32 (1st Cir. 2014). Similarly,

unadorned factual statements regarding the elements of the cause of action are insufficient.

*Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) ("Specific information, even if not

---

adhere to state law). Thus, the claim under P.R. LAWS ANN. tit. 21, § 7462 must be **DISMISSED WITH PREJUDICE**.

[2] Plaintiff also asserts that Defendant's conduct violated the Municipal Code of Puerto Rico. Docket No. 2 at 1. However, the Court cannot surmise which state law cause of action Plaintiff asserts.

CIVIL NO. 25-1387 (JAG)                                                                    3

in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not.").

## ANALYSIS

I.     **Individual Capacity Claims**

       a.     **Service of Process**

Defendant claims that Plaintiff failed to properly serve him in his individual capacity. Docket No. 15 at 6-7. The Court disagrees.

"[T]o serve the defendants in either an individual or official capacity, [Plaintiff] had to comply with Fed. R. Civ. P. 4(e), providing for service of process on individuals." *Caisse v. DuBois*, 346 F.3d 213, 216 (1st Cir. 2003) (citation omitted); *see also Hewes v. Pangburn*, 162 F.4th 177, 199 (1st Cir. 2025) ("A plaintiff suing an individual in an official capacity must effectuate service of process according to the rule applicable to serving individuals.") (cleaned up). Thus, Plaintiff could serve Defendant by delivering a copy of the summons and complaint (1) to Defendant personally; (2) at his usual place of abode with someone of suitable age and discretion who resides therein; or (3) to an agent authorized by Defendant or appointment by law to receive service of process on behalf of Defendant. *Caisse*, 346 F.3d at 216; FED R. CIV. P. 4(e); P.R. LAWS ANN. tit. 32, § Ap. V, R. 4.4(a).

The requirements for valid summons include, but are not limited to, that it be signed by the Clerk of Court and bear the Court's seal. Fed. R. Civ. P. 4(a). Foregoing the requirements in Rule 4(a) makes the summons defective, which could warrant dismissal.[3] *See* Fed. R. Civ. P.

---

[3] Minor technical errors in service of process warrant dismissal only if such errors are prejudicial to the defendant or demonstrate a flagrant disregard of the requirements of Fed. R. Civ. P. 4(a). *Libertad v. Welch*, 53 F.3d 428, 440 (1st Cir. 1995) (citations omitted). "Although 'minor' *formal* defects are excusable provided actual notice has been accomplished, the rule nevertheless must be accorded at least substantial compliance." *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 24 (1st Cir. 1992) (cleaned up). In

CIVIL NO. 25-1387 (JAG)                                                                          4

4(a)(1)-(2); *Libertad*, 53 F.3d at 440. "A plaintiff may escape dismissal in the face of insufficient service in two circumstances: (1) where there is good cause for the failure or (2) even if there is not good cause shown, where the court in its discretion decided to grant the plaintiff more time to effect service." *Moreno-Pérez v. Toledo-Davila*, 266 F.R.D. 46, 49 (D.P.R. 2010) (cleaned up). "Good cause is likely . . . to be found when the plaintiff . . . is proceeding *pro se* or in *forma pauperis*." *Rodríguez-Sánchez v. Acevedo-Vila*, 269 F.R.D. 116, 118 (D.P.R. 2010) (cleaned up). But even "if good cause is lacking, the determination of whether to extend the time of service of process is based on a number of factors, including whether: (a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Moreno-Pérez*, 266 F.R.D. at 50.

Here, Plaintiff delivered an unsigned summons to Defendant in his individual capacity that lacked the Court seal and the Clerk of Court's signature, making the summons defective. *See* Docket Nos. 22 at 6; 22-1. Given that Defendant had actual notice[4] of the lawsuit, Docket No. 14, and Plaintiff's *pro se* status, the Court finds good cause to extend the time to serve Defendant in his individual capacity. However, as discussed below, Plaintiff's claims against Defendant in his individual capacity are barred by *res judicata*.

---

this case, the errors in the summons have not prejudiced Defendant, Defendant had notice of the action, and, considering Plaintiff's *pro se* status, the Court does not find that the errors demonstrate a flagrant disregard of the requirements of Rule 4.

[4] The Court recognizes that, generally, actual notice by itself does not allow a plaintiff to circumvent the Rule 4 requirements. *Precision Etchings & Findings, Inc.*, 953 F.2d at 24 ("The federal courts have made it abundantly clear that actual notice itself, without more, is insufficient to satisfy the requirements of Fed. R. Civ. P. 4(d)(1).") (citations omitted). However, because of Plaintiff's *pro se* status, more leniency is warranted.

CIVIL NO. 25-1387 (JAG)                                                                5

> b. *Res Judicata*

Defendant argues that Plaintiff's claims against him in his individual capacity are barred

by *res judicata* or, in the alternative, collateral estoppel. Docket No. 22 at 8-12. The Court finds that

Plaintiff's constitutional injury claims are barred by *res judicata*.

*Res judicata* is a longstanding legal doctrine that bars parties from relitigating claims that

were subject to a final judgment on the merits in an earlier suit. *Rivera-Rosario v. LSRED2 Island*

*Holdings, Ltd., Inc.*, 79 F.4th 1, 2 (1st Cir. 2023).

> The preclusive effect of a judgment is defined by claim preclusion
> and issue preclusion, which are collectively referred to as 'res
> judicata.' Under the doctrine of claim preclusion, a final judgment
> forecloses successive litigation of the very same claim, whether or
> not relitigation of the claim raises the same issues as the earlier suit.
> Issue preclusion, in contrast, bars successive litigation of an issue of
> fact or law actually litigated and resolved in a valid court
> determination essential to the prior judgment, even if the issue
> recurs in the context of a different claim.

*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (cleaned up). The party asserting claim preclusion must

demonstrate that there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient

identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient

identicality between the parties in the two suits." *Foss v. Marvi, Inc.*, 103 F.4th 887, 891 (1st Cir.

2024) (cleaned up); *see Dixon-Tribou v. McDonough*, 86 F.4th 453, 459 (1st Cir. 2023).

Here, Defendant has established the first element. In the prior suit, the Court of First

Instance dismissed with prejudice the individual capacity claims against Defendant for failure to

state a claim. Docket No. 27-1. The Puerto Rico Court of Appeals affirmed the dismissal, finding

as follows:

> A careful analysis of the Complaint and the allegations against Rodríguez Medina
> contained therein shows that the appellant's claim is against the State and against

CIVIL NO. 25-1387 (JAG)                                                                          6

> him in his *official capacity as the Naranjito Municipal Police Commissioner*. We reach this conclusion by noticing that the actions cited against him are framed in his official position and the allegations brought against him are based on generalities; therefore, it was not proper to hold him personally liable.

Docket No. 27-2. Because a dismissal for failure to state a claim is a final judgment on the merits, *see AVX Corp. v. Cao, Corp.*, 424 F.3d 28, 30 (1st Cir. 2005) (cleaned up), the first element of claim preclusion is satisfied.

The second element is also met. Two causes of actions are sufficiently identical if they both "derive from a common nucleus of operative facts." *Silva v. City of New Bedford*, 660 F.3d 76, 79, (1st Cir. 2011) (cleaned up). Here, both cases seem to arise out of an altercation between the Parties in which the Defendant allegedly engaged in retaliatory conduct because of a separate civil lawsuit. *See* Docket No. 2 at 2; 27-2 at 2; 36 at 3. Specifically, in the state court case, Plaintiff alleged that Defendant insisted on participating in the separate civil lawsuit. Docket No. 27-2 at 2. In the instant case, Plaintiff alleges here that Defendant denied her public services because of the separate civil lawsuit. Docket No. 2 at 2.

The only new allegation raised in this case, which was not asserted in the state court action, is that at some point Defendant demanded that Plaintiff leave the premises.[5] Docket No. 2 at 2. Likewise, the claims in the instant case are mostly the same as those claims asserted in the state court case, except she now asserts claims of (1) disability discrimination under the ADA and (2) Defendant's alleged lack of qualifications.[6] Therefore, all other individual capacity claims in this case were alleged and dismissed in the state court case.

---

[5] Here, Plaintiff did not allege that Defendant threatened to tear down a structure belonging to Plaintiff's ward. *Compare* Docket No. 2, 5, 36 *with* Docket No. 27-2.

[6] Plaintiff asserted a defamation claim in her state court complaint but did not do so here. *Compare* Docket No. 2, 5, 36 *with* Docket No. 27-2.

CIVIL NO. 25-1387 (JAG)                                                                                    7

Lastly, the third element is also met because both actions involve Plaintiff and Defendant; thus, sufficient identicality between the parties in the two suits exists.

"[P]*ro se* status does not insulate a party from complying with procedural and substantive law," including the doctrine of *res judicata. Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (citation omitted). It is clear that this case and the state court action derive from the same nucleus of operative facts and involve the same claims and the same parties. "*Res judicata . . .* prevents plaintiffs from splitting their claims by providing a strong incentive for them to plead all factually related allegations and attendant legal theories for recovery the first time they bring suit." *Apparel Art Int'l., Inc. v. Amertex Enters. Ltd.*, 48 F.3d 576, 583 (1st Cir. 1995) (citation omitted). Therefore, Plaintiff's claims against Defendant in his individual capacity are barred by *res judicata* and must be **DISMISSED WITH PREJUDICE.**[7]

### c. Qualified Immunity

Defendant argues he is entitled to qualified immunity from Plaintiff's claims. Docket No. 22 at 12-14. The Court agrees.

The doctrine of qualified immunity "is available to public officials whose conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wadsworth v. Nguyen*, 129 F.4th 38, 58 (1st Cir. 2025) (cleaned up). To determine where a federal officer is entitled to qualified immunity, the Court must decide "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation."

---

[7] Even if Plaintiff's claims were not barred by *res judicata*, Plaintiff has failed to state a claim against Defendant in either his official or individual capacity. *See infra* at 8-11.

CIVIL NO. 25-1387 (JAG)                                                                 8

*Maldonado v. Fontanes*, 568 F.3d 263, 269 (1st Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). As discussed below, *infra* at II, Plaintiff has failed to sufficiently allege any constitutional injury and, thus, Defendant is entitled to qualified immunity.

II.      Failure to State a Claim

Even assuming *arguendo* that qualified immunity does not bar Plaintiff's Section 1983 claims, the Court finds that Plaintiff has failed to sufficiently plead her claims against Defendant in either his individual or official capacity.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff need not include "detailed factual allegations," but Fed. R. Civ. P. 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted). Given Plaintiff's *pro se* status, the Court must construe the Complaint liberally. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) ("We are required to construe liberally a *pro se* complaint and may affirm its dismissal only if a plaintiff cannot prove any set of facts entitling him or her to relief.") (citations omitted). Nevertheless, "*pro se* status does not insulate a party from complying with procedural and substantive law." *Id.* (citation omitted). Courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996); *see also Butler v. Deutsche Bank Trust Co. Ams.*, 748 F.3d 28, 32 (1st Cir. 2014). Likewise, unadorned factual statements as to the elements of the cause of action are insufficient as well. *Peñalbert-Rosa*, 631 F.3d at 595. "Specific information, even if not in the form of

admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id*. at 596.

Here, Plaintiff asserts that Defendant's conduct violated her (1) due process and equal protection rights under the Fourteenth Amendment, and (2) First Amendment rights. Docket Nos. 2; 5. She, however, only provides conclusory statements without factual support.[8]

First, the Court assumes that Plaintiff alleges a substantive due process violation under the Fourteenth Amendment.[9] To state a substantive due process claim, a plaintiff must first sufficiently allege that the specific government conduct is "so extreme and egregious as to shock the contemporary conscience;" and (2) "restrict[ed] a protected fundamental right." *Abdisamad v. City of Lewiston*, 960 F.3d 56, 59-60 (1st Cir. 2020); *Foote v. Lulow Sch. Comm.*, 128 F.4th 336, 346 (1st Cir. 2025). Only if the shock-the-conscious test is satisfied do courts consider whether the government conduct restricted a protected fundamental right. *Foote*, 128 F.4th at 346. Here, Plaintiff has only provided conclusory statements that Defendant violated her rights.[10] Without

---

[8] As previously held by this Court's Opinion & Order dated May 21, 2026, Docket No. 45, Plaintiff has failed to sufficiently allege municipal liability for purposes of Defendant's official capacity claims. Docket No. 45 at 7.

[9] The Fourteenth Amendment provides both procedural and substantive due process rights. *García-González v. Puig-Morales*, 761 F.3d 81, 88 (1st Cir. 2014); *Cruz-Erazo v. Rivera-Montañez*, 212 F.3d 617, 621-22 (1st Cir. 2000). As Plaintiff has not identified a protected liberty or property interest, Plaintiff has not sufficiently pled a procedural due process claim. The Court similarly finds that Plaintiff's equal protection claims falters because she has failed to identify a protected fundamental right.

[10] Plaintiff's Complaint essentially consists of conclusory allegations devoid of facts. For example, she alleges that "Defendant engaged in conduct that violated Plaintiff's constitutional rights under the Fourteenth Amendment and [the] Municipal Code of Puerto Rico." Docket No. 2 at 1. This is a legal conclusion insufficient to survive dismissal at this stage. Plaintiff also alleges conclusory that, on August 31, 2024, Defendant expressed "that the Plaintiff will not be listened [to] or provided with any public service in the facilities of the Municipal Police of Naranjito, PR[,] since the Defendant and Plaintiff had a [lawsuit] problem currently being reviewed by the Court in Puerto Rico." *Id*. at 2. Plaintiff also claims that Defendant "demand[ed] [she] leave the public facilities of the Municipal Police Headquarters in Naranjito, PR[,] due to retaliation for a previous lawsuit pending in the Courts of Puerto Rico." *Id*. However, she has provided no factual support for these allegations. She does not explain who made these statements, what

factual support for her allegations, the Court cannot find that the alleged conduct satisfies the conscience-shocking test. *See González-Fuentes v. Molina*, 607 F.3d 864, 881 (1st Cir. 2010) ("It is well established that negligence, without more, is simply insufficient to meet the conscience-shocking standard"). Moreover, Plaintiff has failed to identify a protected fundamental right that was restricted by Defendant's conduct.

Second, the First Amendment protects an individual's freedom of religion, freedom of speech, freedom of the press, right to peaceably assemble, and right to petition the Government for a redress of grievances. U.S. CONST. Amend. I. Here, Plaintiff merely asserts that "[o]n or about November 2023," she experienced "discrimination due to difference of religious belief[s]." Docket No. 5 at 3. She provides no factual support for this statement. She also alleges in a conclusory fashion that Defendant retaliated against her by committing public defamation, excluding her from a public forum, and threatening to take legal action. Docket No. 2 at 1-2. Plaintiff's Complaint, however, puts forth no facts to suggest that any of her First Amendment rights were violated. Thus, Plaintiff has failed to state a First Amendment claim and, accordingly, these claims are **DISMISSED WITH PREJUDICE**.

Third, the Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. Amend. IV; *see Elkins v. United States*, 364 U.S. 206, 222 (1960) ("[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures."). "In sum, the Fourth Amendment addresses 'misuse of power,' not the accidental effects of otherwise lawful government conduct." *Brower v. Cnty. of Inyo*, 489 U.S. 593, 596 (1989) (citations omitted). Here, Plaintiff merely alleges that "[t]he Municipality's failure to train, supervise, and discipline its

---

were the circumstances surrounding the statements, whether she was actually denied a public service, what public service she is referring to, or her basis for claiming retaliatory animus.

CIVIL NO. 25-1387 (JAG)                                                                    11

officers constituted deliberate indifference . . . and directly caused the violation of Plaintiff's

constitutional rights under the Fourth and Fourteenth Amendment." Docket No. 5 at 2. Plaintiff,

however, does not put forth any facts suggesting that a search or seizure even occurred, much less

that it was unreasonable. Consequently, Plaintiff has failed to state a Fourth Amendment claim.

Therefore, Plaintiff's Fourth Amendment claim is **DISMISSED WITH PREJUDICE**.

 III.    **The Americans with Disabilities Act**

Plaintiff also asserts that Defendant's conduct violated her ADA protection by denying her

access to public service. Docket No. 2 at 2. However, the allegations regarding this claim are

simply insufficient to survive dismissal.

As a threshold matter, to successfully establish a claim under the ADA, a plaintiff must

show *inter alia* that "she was disabled within the meaning of the ADA." *Colón-Fontanez v. Mun. of San*

*Juan*, 660 F.3d 17, 32 (1st Cir. 2011). The ADA defines "disability" as: "(A) a physical or mental

impairment that substantially limits one or more of the major life activities of an individual; (B) a

record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §

12102(1). Here, the only allegation as to this claim is that "Defendant engaged in conduct that

violated Plaintiff's ADA law protection for people with disabilities under 42 U.S.C. [§] 12182 by

denying her public service." Docket No. 2 at 2. Plaintiff fails to allege any impairment or that such

an impairment substantially limited one or more of her major life activities. Thus, Plaintiff has

failed to sufficiently allege a plausible entitlement to relief under the ADA and, thus, these claims

must be **DISMISSED WITH PREJUDICE**.

CIVIL NO. 25-1387 (JAG)                                                                          12

## CONCLUSION

For the aforementioned reasons, the Court finds that Plaintiff's Section 1983 and ADA

must be **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.


IT IS SO ORDERED.

In San Juan, Puerto Rico, this Monday, July 06, 2026.


s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge